| | |
|---|---|
| 1 | LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC. |
| 2 | JOY STEPHENSON-LAWS, ESQ. (SBN 113755) |
| 3 | RICHARD A. LOVICH, ESQ. (SBN 113472) |
| 4 | KARLENE ROGERS-ABERMAN (SBN 237883) |
| | DAVID F. MASTAN, ESQ. (SBN 152109) |
| 5 | JIN HEE PARK, ESQ. (SBN 309941) |
| 6 | 303 N. Glenoaks Blvd., Suite 700 |
| | Burbank, CA 91502 |
| 7 | Telephone: (818) 559-4477 |
| 8 | Facsimile: (818) 559-5484 |
| 9 | Attorneys for Plaintiff |
| 10 | THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California constitutional |
| 11 | corporation, on behalf of the UNIVERSITY OF |
| 12 | CALIFORNIA, IRVINE MEDICAL CENTER |
| 13 | Kenneth R. Pedroza (SBN 184906) |
| | Joshua C. Traver (SBN 229778) |
| 14 | Alysia B. Carroll (SBN 303136) |
| 15 | COLE PEDROZA LLP |
| | 2295 Huntington Drive |
| 16 | San Marino, CA 91108 |
| 17 | Tel.: (626) 431-2787; Fax: (626) 431-2788 |
| 18 | Attorneys for Defendants |
| 19 | CIGNA HEALTHCARE OF CALIFORNIA and CIGNAHEALTH & LIFE INSURANCE |
| 20 | COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, on behalf of University of California, Irvine Medical Center, | Case No.: 8:19-cv-01392-JVS-ADS<br><br>**PROTECTIVE ORDER** |

| | |
|---|---|
| Plaintiff, | Action Filed: June 7, 2019 |
| v. | Trial Date: April 28-29, 2020 |
| CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for profit corporation; CIGNA HEALTH & LIFE INSURANCE COMPANY, a Connecticut for profit corporation; and DOES 1 THROUGH 25, INCLUSIVE, | |
| Defendants. | |

Plaintiff THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California constitutional corporation, on behalf of the UNIVERSITY OF CALIFORNIA, IRVINE MEDICAL CENTER ("UCI" or "PLAINTIFF") and Defendants CIGNA HEALTHCARE OF CALIFORNIA and CIGNAHEALTH & LIFE INSURANCE COMPANY ("DEFENDANT") having stipulated to the matters herein, the Court hereby orders that all confidential documents or information produced in this case shall be subject to the terms and provisions that are set forth herein:

I. **Definitions**

The following definitions shall apply to this order:

A. **"Confidential Information"** is information that is not in the public domain and contains employee information, financial data, or information that may reasonably be characterized by the producing party as intellectual property, a trade secret, or confidential or proprietary information, including, but not limited to, internal business communications, customer lists, price lists, pricing data, financial information, market studies, business plans, computer software and programs, and sales and marketing materials. To be considered Confidential Information, a document must be designated

"Confidential" as set forth in Section III, *infra*.

B. **"Attorneys' Eyes Only"** shall mean a subset of Confidential Information that contains, constitutes, reveals, or reflects trade secrets or highly personal information or other information of a high degree of commercial sensitivity and/or information that would provide a competitive advantage to the producing party's competitors if disclosed.

C. **"Case"** shall refer to the above-captioned matter.

D. **"Confidential Health Information"** shall constitute a subset of Confidential Information, and shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. By way of example, Confidential Health Information may be found in medical bills, claims forms, claim data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include Confidential Health Information. Confidential Health Information is intended to encompass all "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. part 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"),

as well as any patient health information protected by state law. Designating information as Confidential Health Information does not alleviate a party's obligation to otherwise comply with applicable privacy laws, including HIPAA.

E. **"Covered Entity"** shall have the meaning as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. part 160.103, promulgated pursuant to HIPAA.

F. **"Documents"** shall mean all originals, copies, and non-identical copies, however produced or reproduced, of any printed, typed, handwritten, graphic, electronic or otherwise recorded matter of whatever character, including, but not limited to, files, correspondence, contracts, agreements, memoranda, notes, forms, diaries, reports, communications, statements, transcripts, affidavits, photographs, audiotape or videotape recordings, motion pictures, email, computer files, and any other Documents and electronically stored information contemplated by California Evidence Code section 250 and California Code of Civil Procedure section 2016.020. Nothing in this definition shall be interpreted to require the parties to produce more than one copy of identical ESI or to produce the same ESI in more than one form.

G. **"Legend"** as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document. When any document is designated "CONFIDENTIAL" pursuant to this order, the legend shall be affixed to each page of documents produced in TIFF format and to the file name of documents produced in native format.

H. **"Producing Party"** shall mean any party to the case, or any other

person or entity producing documents, information, or other materials in the case, including any Covered Entity.

I. **"Parties"** collectively shall mean and include Plaintiffs and Defendant.

J. **"Party"** shall mean any of the parties.

## II. Scope Application of This Protective Order

This order shall govern all Documents, testimony, and other information and materials that contain Confidential Information and are produced in response to any discovery conducted by any Party to the Case. Further, this order shall govern all Documents and materials containing Confidential Information that are submitted in connection with a pleading, brief, or other Document filed in this Case, whether submitted to the Court or formally exchanged between the Parties. In addition, this order shall govern all Confidential Information produced by any Producing Party, including without limitation a Covered Entity, in response to any discovery conducted by any Party to the Case. The Parties shall be able to disclose Protected Health Information for the purpose of prosecuting or defending this action, including any appeals of this case. (See 45 C.F.R. § 164.512(e).)

## III. Confidential Information Designation Procedure

Any Confidential Information (including Confidential Health Information) may be designated by the Designating Party as "Confidential" or "Attorneys' Eyes Only." A Designating Party may designate Confidential Information as "Attorneys' Eyes Only" if the Designating Party believes in good faith that the Confidential Information contains, constitutes, reveals, or reflects trade secrets or highly personal information or other information of a high degree of commercial sensitivity and/or information that would provide a competitive advantage to its competitors if disclosed.

Confidential Information will be designated as "Confidential" by the Producing Party in one or more of the following ways: (1) information contained in

any Document or part thereof may be so designated by marking the word "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" on the Document or any copy of it delivered to the Parties or their counsel or by giving written notice to the counsel, describing the Document or part thereof either specifically or by category, as provided in Sections VII and IX of this order; and (2) a Party may designate information contained in an answer to any question asked during an oral deposition as Confidential within 30 calendar days of receipt of the deposition transcript by underlining the portions of the pages that are confidential and stamping such pages "CONFIDENTIAL" or specifying on the record at the deposition or up to thirty (30) calendar days after receiving a deposition transcript, that the entire transcript, or portions thereof, shall be treated as Confidential as provided in Section VIII of this order.

IV. **Individuals To Whom Disclosure of Confidential Information is Permitted; Conditions of Disclosure**

Confidential Information shall not be used by a Receiving Party for any purpose other than in connection with this Case. This Protective Order shall not prevent a Producing Party from disclosing its own Confidential Information to any person for any purpose.

Except as otherwise provided in this order, a Receiving Party's disclosure of a Producing Party's Confidential Information to the following persons is permitted under the scope of this order:

A. The Parties, including their current employees who are necessary to assist counsel in this Case; the Parties' inside counsel, if any, and employees of the Parties' inside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this case;

B. The Parties' respective outside counsel and employees of the Parties' outside counsel who are acting under the direction and control of such

counsel and who are necessary to assist such counsel in this Case;

C. Vendors who are acting under the direction of the Parties' counsel and who are necessary to assist such counsel in this Case;

D. Independent consultants or experts retained in connection with this Case by the Parties' counsel, but only to the extent necessary for the prosecution or defense of the instant matter, with the following qualifications:

    1. Disclosure shall not be made to a consultant or expert who is employed by or consulting with a competitor of the Producing Party;

    2. Disclosure shall not be made to a consultant or expert whom Receiving Counsel knows has been found to have violated the terms of a protective order in any other legal proceeding; and

    3. <u>Any consultant or expert to whom disclosure of Confidential Information is authorized must be informed of this Protective Order and must sign a copy of Exhibit A;</u>

E. A deponent or witness in the course of the deposition or hearing, provided that the deponent or witness is first informed of this protective order and consents under oath on the record to abide by its provisions;

F. A person identified in the Document containing Confidential Information as an author, source or recipient of the Document, or who already has a copy of the Document obtained without violation of this Protective Order;

G. Stenographers or court reporters, to the extent necessary to prepare records of sworn testimony in this Case; and

H. The Court and Court's administrative staff assigned to this case.

Disclosure of Confidential Information to the individuals listed in Sections A through H above is permissible only on the condition that such persons agree to protect the Confidential Information consistent with the terms of this order.

If a non-Producing Party concludes for the purpose of this Case that it needs to disclose any of the Confidential Information to any person not specified in this paragraph, such Party shall notify all other Parties, and such notice shall state the identity of the person(s) that the non-Producing Party needs to disclose to, and the reasons for such disclosure; whereupon the Parties shall confer in an effort to resolve the status of the subject information. If the Parties cannot agree to such release, counsel for the non-Producing Party shall have the right to move for an order from the Court allowing disclosure to those person(s) for good cause shown.

All Confidential Information designated as "Attorneys' Eyes Only" shall be maintained in confidence, and not disclosed, directly or indirectly, including the very fact of production of Confidential Information, to any person except: (i) counsel of record in this proceeding (including members and employees of such counsel's law firm), and (ii) one designated in-house counsel for the Party who is responsible for overseeing or managing this litigation on behalf of the Party. Such information shall not be disclosed to a Party or to an officer, director, or employee of a Party (except for the one designated in-house counsel for Party), unless otherwise agreed to in writing or so ordered by the Court. The contents, details, financial information, or rates found in such information will not be shown, disclosed, summarized, conveyed, or otherwise discussed or described in any manner to any person not entitled to review materials designated as "Attorneys' Eyes Only."

**V.     Disclosure of Confidential Health Information**

"Confidential Health Information" shall constitute a subset of Confidential Information and shall be designated as "Confidential," as set forth in Section III and subject to all other terms and conditions governing the Conditions of

Disclosure of Confidential Information, as set forth in Section. "Confidential Health Information" shall include, but is not limited to, the following subscriber, patient, or member identifiers:

1. names of patients, patient family members, and health care providers;
2. all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
3. all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, dates upon which medical services were provided, age, and date of death;
4. telephone numbers;
5. fax numbers;
6. electronic mail addresses;
7. social security numbers;
8. medical record numbers;
9. health plan beneficiary numbers;
10. account numbers;
11. certificate/license numbers;
12. vehicle identifiers and serial numbers, including license plate numbers;
13. device identifiers and serial numbers;
14. biometric identifiers, including finger and voice prints;
15. full face photographic images and any comparable images; and
16. any other unique identifying number, characteristic, or code; and any other information the Producing Party knows could be used alone or in combination with other information to identify an individual who is the subject of information.

In addition to the other limitations on the use of Confidential Information as set forth above, the Producing Party may, but is not required to, redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients. Any dispute over whether such redaction or other precaution is unduly prejudicial to a Receiving Party shall be resolved by the Parties. The Receiving Party shall state the objection to the redaction by letter to all counsel of record in this case. If the Parties are unable to resolve the objection, any Party may move the Court for an order that the challenged material does not qualify as Confidential Information under California or Federal law, as applicable, or such redaction is unduly prejudicial to the Receiving Party.

## VI. Copies

All copies of any Documents containing Confidential Information and Confidential Health Information shall constitute and be treated as Confidential as provided in this order. Any person making, or causing to be made, copies of any Documents containing Confidential Information shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this order. Nothing herein shall preclude any arrangement among the Parties by which Documents or other materials may be copied by the Producing Party.

## VII. Designation of Documents Produced by Third Parties

Any Party may designate as "Confidential" any Document that is produced or disclosed without such designation by any third Party within ten (10) calendar days of the production of such Document, or such other time as may be agreed, provided that such Document contains Confidential Information of a designating Party, in the following manner:

    A.    Parties to the Case may designate such Document by sending written notice of such designation, accompanied by copies of the designated Document bearing the Legend, to all other Parties in possession or custody of such previously undesignated Document or by reference to

a Bates number of the Document. Within seven (7) calendar days of receipt of such notice, or such other time as may be agreed, any Party receiving such notice and copy of the designated Document pursuant to this subparagraph, having no objections to such designation, shall return to the designating Party all undesignated copies of such Document in their custody or possession, or alternately shall affix the Legend to all copies of such designated Document in their custody or possession.

B. Upon notice of designation pursuant to this paragraph, the Parties also shall: (i) make no further disclosure of such designated Document or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated Document of the terms of this order; and (iii) take reasonable steps to reclaim any such designated Document in the possession of any person not permitted access to such information under the terms of this order.

C. The Parties shall serve a copy of this order simultaneously with any discovery request made to a non-Party. For any discovery that was served on a non-Party prior to the date of this order, the Party who served the discovery shall provide the non-Party with a copy of this order within five (5) calendar days of the date this order is entered by the Court.

**VIII. Designation of Deposition Transcripts and Exhibits as Confidential**

A. At any depositions conducted in this Case in accordance with the provisions of this order, the Parties may use, refer to, or mark as deposition exhibits any Documents designated as "CONFIDENTIAL" and all Confidential Information contained therein or derived therefrom.

B. With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied and/or when the deponent's testimony contains, reflects, or relates in any way to Confidential Information, the reporter will be informed of this order by the Party seeking confidentiality and will be required to operate in a manner consistent therewith. The reporter shall place on the cover of any deposition transcript which contains any Confidential Information the words "Contains Confidential Information." Counsel for the respective Parties shall take appropriate steps to prevent any portions of any deposition transcript designated "Confidential" or "Attorneys' Eyes Only" from being disclosed to any person except as provided in this Stipulated Protective Order. Each Designating Party shall provide the other Party with a list of the page(s) of each deposition transcript and any exhibits attached thereto that the Party has designated as "Confidential" or "Attorneys' Eyes Only." Unless the Parties otherwise agree, such list shall be provided to the other Party within thirty (30) days after receipt by counsel for the Designating Party of a copy of any deposition transcript. Confidential deposition testimony may be so designated by underlining the portions of the pages that are confidential and stamping such pages as "CONFIDENTIAL." Alternatively, a Party may specify on the record at the deposition or up to thirty (30) calendar days after receiving a deposition transcript, that the entire transcript, or portions thereof, shall be treated as Confidential. Until expiration of the latest of these periods, the entire deposition transcript, and all exhibits thereto, shall be treated as Confidential under the provisions of this order. If a timely Confidential designation is made, the Confidential portions of the deposition transcript, together with any deposition exhibits designated

as "CONFIDENTIAL," shall be sealed separately from the portions of the deposition transcript and exhibits not so marked, and shall be treated as Confidential under the provisions of this order.

## IX. Inadvertent Failure to Designate Information as Confidential

Inadvertent failure to designate information as Confidential may be remedied at any time by supplemental written notice given by the Producing Party. Upon receipt of such notification, all information so designated shall be subject to this order as if it had been initially so designated, and the Parties shall (a) not make any further disclosure or communication of all information so designated (the "Redesignated Information") except as provided for in this order; (b) take reasonable steps to notify any persons known to have possession of any Redesignated Information of the effect of the new designation under this order; and (c) promptly endeavor to procure all copies of the Redesignated Information from any persons known to have possession of Redesignated Information who are not entitled to receipt under Section IV above. The Parties further shall make a reasonable good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such Redesignated Information are immediately treated in accordance with the new designation. Any Documents subsequently designated should be replaced by the Producing Party with copies bearing the appropriate legend.

## X. Inadvertent Production

The Parties shall comply with the claw back procedures outlined in California Code of Civil Procedure section 2021.285. In the event a Party inadvertently fails to designate information or documents as Confidential Information when copies are produced to another Party after the execution of this order, the Designating Party shall diligently notify in writing all recipients of the information or document of the material's designation as Confidential Information. The Designating Party shall specifically identify, by reference to document title,

page number and/or any alpha or numeric production designation, the material being designated as Confidential Information. The Designating Party shall have the right to recover all copies of the Confidential Information and apply the "Confidential" or "Attorneys' Eyes Only" designation and the Receiving Party shall return to the Designating Party all copies of the unlabeled Confidential Information inadvertently or unintentionally disclosed. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

## XI. Objections to Confidentiality Designations

If any Party objects to the designation of materials being marked as Confidential Information, the Party shall state the objection by letter to all counsel of record in this case. If the Parties are unable to resolve the objection, and the Party who designated the material as Confidential Information still wants the material to be treated as Confidential Information pursuant to this Protective Order, that Party shall file a motion for an order deeming the material as Confidential Information under California or Federal law, as applicable. In any such proceeding, the designating Party shall bear the burden of proof for demonstrating that the material is Confidential Information under California or Federal law, as applicable. Until the Court rules on the objection, the disputed material shall be treated as Confidential Information.

## XII. Enforcement by the Court

The Parties mutually agree that the Court may enforce the terms of this order to protect Confidential Information, including the award of any relief that is just and proper for any breach of this order by any Party.

## XIII. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Receiving Party is served with a subpoena or an order issued in another

litigation that would compel disclosure of any information or items designated in this Case as Confidential, the Receiving Party must so notify the Producing Party, in writing immediately and in no event more than five (5) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order. In addition, the Receiving Party must deliver a copy of this order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this order and to afford the Producing Party in this Case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Information—nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Case to disobey a lawful directive from another court.

## XIV. Duration

At the termination of this Case, the Parties shall confer to determine whether and to what extent the confidentiality obligations imposed by this order shall remain in effect on a going-forward basis, and how such obligations, if any, shall be enforced, including but not limited to the destruction of, and/or return to the Producing Party of, documents containing Confidential Information.

/////
////
/////
/////
/////

DATED: November 18, 2019

          LAW OFFICES OF STEPHENSON,
          ACQUISTO & COLMAN, INC.

          */s/ JIN HEE PARK*
          ―――――――――――――――
          JIN HEE PARK
          Attorneys for
          THE REGENTS OF THE UNIVERSITY
          OF CALIFORNIA, a public trust
          corporation, on behalf of University of
          California, Irvine Medical Center

DATED: November 18, 2019

          COLE PEDROZA LLP

          */s/ ALYSIA B. CARROLL*
          ―――――――――――――――
          KENNETH R. PEDROZA
          JOSHUA C. TRAVER
          ALYSIA B. CARROLL
          Attorneys for
          CIGNA HEALTHCARE OF
          CALIFORNIA, INC., a California for profit
          corporation; CIGNA HEALTH & LIFE
          INSURANCE COMPANY, a Connecticut
          for profit corporation

**IT IS SO ORDERED.**

DATED: November 20, 2019

          /s/ Autumn D. Spaeth
          ―――――――――――――――
          JUDGE AUTUMN D. SPAETH
          U.S. MAGISTRATE JUDGE

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court Central District of California on _____ in *THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public trust corporation, on behalf of University of California, Irvine Medical Center vs. CIGNA HEALTHCARE OF CALIFORNIA, INC., a California for profit corporation; CIGNA HEALTH & LIFE INSURANCE COMPANY, a Connecticut for profit corporation*, Case No. 8:19-cv-01392-JVS-ADS.

I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Order, or any notes, summaries, abstracts, copies or other records that may be derived therefrom or made regarding any such materials, shall not be disclosed to any persons except as permitted by the Order. I further agree that the United States District Court Central District of California has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of the United States District Court Central District of California over my person for that purpose.

Date:_____

Title: _____

Organization: _____

Printed name: _____

Signature: _____